FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE J. BLOOM, Individually, and as Guardian/Parent/Next Friend of S.B., a minor, ) ) ) | |
| Plaintiffs, ) ) | Case No.: 11 c 5536 |
| v. ) ) | Judge: Milton I. Shadur |
| PALOS HEIGHTS POLICE DEPARTMENT, CHRIS A. HODOROWICZ, JEFF MARRAN, PALOS HEIGHTS FIRE PROTECTION DISTRICT, PALOS COMMUNITY HOSPITAL, PATRICIA MAMONE, ANTHONY MAMONE, and JOHN/JANE DOES, ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

### HIPPA QUALIFIED PROTECTIVE ORDER

The matter having come to be heard on the Motion of Defendant, PALOS HEIGHTS FIRE PROTECTION DISTRICT, for the entry of a Qualified Protective Order to obtain the medical records of those health care practitioners identified by plaintiff for the five years preceding the occurrence pursuant to the Health Insurance Portability and Accountability Act of 1996 (*see* Pub.L. 104-191, 110 Stat. 1936); due notice having been given, and the court being fully advised in the premises;

IT IS HEREBY ORDERED as follows:

1. The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI") pertaining to S.B., a minor, to the extent and subject to the conditions outlined herein.

2. For the purposes of this Qualified Protective Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 CFR 160.103 and 160.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI pertaining to , a minor, to all attorneys now of record in this matter of who may become of record in the future of this litigation.

4. All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose "PHI" pertaining to B.S., a minor, in any manner that is reasonably connected with the above-captioned litigation. This includes, but is not limited to, disclosure to the parties, their attorneys of record, the attorney's firms (i.e., attorneys, support staff, agents, and consultants), the parties, insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

5. At the conclusion of the litigation as to any defendant(s) (which shall be defined as the point at which final orders disposing of the entire case as to any defendants(s) has/have been entered), that defendant(s) and any person or entity in possession of "PHI" received from that defendant(s) pursuant to paragraph 4 of this Order shall destroy any and all copies of "PHI" pertaining to B.S., a minor, except: 1) the defendant(s) that is no longer in the litigation may retain "PHI" generated by him/her/it; and (2) the remaining defendant(s) in the litigation and persons or entities receiving "PHI" from those defendant(s) pursuant to paragraph 4 of this Order, may retain "PHI" in their possession.

6. This order shall not control or limit the use of protected health information pertaining to B.S., a minor, that comes into the possession of any party or any party's attorney from a source other than a "covered entity," (as that term is defined in 45CFR 160.103).

7. Nothing in this order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, pursuant to a B.S., a minor, authorization or through attorney-client communications. Likewise, nothing in this order relieves any party from complying with the requirements of the Illinois Mental Health and Developmental Disabilities Confidentiality Act, the Aids Confidentiality Act or state and federal law that protects certain drug and alcohol records (20 ILCS 301/30-5, 42 USC 290dd-3 and 290ee-3, and 42 CFR Part 2).

8. This order is limited to those health care practitioners identified in plaintiff's discovery responses or in medical records obtained in discovery and only authorizes the release of B.S.'s, a minor, medical records from October 2006 to the present.

_____, 2011.

| | | |
|---|---|---|
| Name: | HINSHAW & CULBERTSON LLP | |
| Attorney for | Defendant, Palos Heights Fire Protection District | ENTER: |
| Address | 222 N. LaSalle, Suite 300 | |
| City | Chicago, IL 60601 | _____ |
| Telephone | 312-704-3000 | JUDGE |
| ARDC No.: | 3125700 | |

130203892v1 0927970